## SUPREME COURT.

CHARLES J. JOHNSON, respondent, agt. E. CLARK CARLEY and LUCIEN GRAIN, impleaded, &c., appellants.

*Replevin — Goods fraudulently purchased — Evidence — Exceptions — Motion for nonsuit.*

Defendants sought to prove by plaintiff's attorney that at the time of the service of the papers by which the action was commenced, he, plaintiff's attorney, had told them that if there was no defense interposed there would be no costs against them, the defendants. This evidence was objected to and rejected:

*Held,* that the evidence offered was immaterial so far as any defense to the action was concerned, and had no relation to any such defense. Under a general denial no such matter as that offered to be proven was admissible, because not set up or suggested by the answer.

Where another action similar in most respects to this was also pending against the same defendants in favor of another plaintiff, and was referred to the same referee, and it was agreed that the cases should be tried together, and the evidence taken should apply to both cases so far as the same was applicable, and it was so taken without any statement at the time by the counsel for either party, as to which case it was to be considered as taken in or applicable to, on motion by defendants that the entire evidence of three witnesses, and such portions of the evidence of the three defendants and four other witnesses named and all other witnesses as related to certain conversations be stricken out on the ground that the same was inapplicable thereto:

*Held,* that under the circumstances under which this evidence was taken the referee could not be required to do this. A wholesale motion of this character calling for a critical review of such a mass of evidence without any definite specification of such portions as were objected to ought not be granted. And this is especially so where a considerable portion of the evidence asked to be stricken out had been taken by the defendant, and all the evidence asked to be stricken out had more or less bearing upon the two questions which were principally litigated on the trial, viz: Whether the goods were fraudulently purchased, and

Johnson agt. Carley.

whether the defendants as assignees, or under color of the assignment, assumed any control over them.

The circumstances proved on the trial tended to show that the purchasers at the time of the sale were insolvent, and knowing their condition, had bought the goods knowing that they would be unable to pay for them, and with a preconceived design not to pay for them:

*Held,* that these circumstances were all evidence of fraudulent intent. The existence of the fraudulent intent in such a case is a matter to be inferred, if at all, from circumstances, and in general does not admit of more direct proof. The question of fraudulent intent is more or less speculative, and is often materially affected by circumstances difficult to represent in their full force by any statement of the evidence to an appellate court. The question is not whether the court would have found upon the evidence as the referee has found, but whether there was evidence before him which legitimately tended to sustain the finding.

The proof showed that the defendants, as assignees, did assume to control the property purporting to be assigned, and did prevent the plaintiff from peaceably taking possession thereof, and their attempts to evade all responsibility for so doing by professing unwillingness to accept the assignment, while keeping the goods under their lock and key and making evasive replies to the demands of the agents and attorneys for the plaintiff were unavailing to shield themselves from responsibility as custodians of the property, if not under the assignment, at least under color of it.

*Fourth Department, General Term, October, 1876.*

THIS action was brought to recover possession of certain personal property which the plaintiff had sold to the firm of Lynde Brothers, who shortly afterward assigned the same, together with all their other assets, to the defendants, by a general assignment for the benefit of creditors. The date of the assignment was April 7, 1873, and the date of the purchase was March 31, 1873. Just before purchasing these goods the Lynde Brothers had been embarrassed for want of funds, and shortly after the commencement of this action they compromised with their creditors at twenty-five cents on the dollar. The general assignment to the defendants was placed on file by their attorney, but at the time of the commencement of this action they had not qualified and their time for quali-

fying had not expired. They took possession of the store, locked the doors, closed the blinds, lowered the curtains, took the keys, and agreed between themselves that the store should not be opened unless they were all present. The plaintiff demanded his goods of them and they refused to open the store or surrender the goods, or give up the key, but still claimed, all the time, that they had nothing to do with the goods, and that they should not accept the assignment. Upon being told that if they assented or if they would permit, so far as they had control, the plaintiff would take his goods without action ; they replied that if the sheriff had the papers of course, he could take them and that they should not resist the sheriff. They did not claim title to any of the goods, either in their pleadings or upon the trial, but alleged that they had no knowledge or information sufficient to form a belief as to whether or not the goods in question belonged to the plaintiff when this action was commenced. Another action against the same defendants, but in favor of a different plaintiff, was tried with this one under an agreement that the evidence taken was to apply to both cases so far as the same was applicable. The referee reported in favor of the plaintiff and the defendants brought this appeal. The other facts are stated in the opinion of the court.

*Irving G. Vann,* for respondent.

*B. T. Wright,* for appellants.

TALCOTT, *J.* — This is an appeal from a judgment entered on the report of a referee. The action was replevin for goods sold to the firm of Lynde Brothers, doing business as merchants at Marathon, New York, and the theory upon which the plaintiff reclaimed the goods was that they were fraudulently purchased whilst the firm of Lynde Brothers were insolvent, concealing and misrepresenting their circumstances, and with a preconceived design not to pay for the said goods.

Johnson agt. Carley.

The referee reports in favor of the plaintiff, that the purchase of the said goods was fraudulent and made without the intention to pay for the same. The exceptions to which our attention is called are as follows:

1. The defendants sought to prove by Mr. Knapp, the attorney for the plaintiff, that at the time of the service of the papers by which the action was commenced, he, plaintiff's attorney, had told them that if there was no defense interposed there would be no costs against them, the defendants. This evidence, on objection, was rejected and the defendants excepted to the ruling. We think the ruling was correct. The evidence offered was immaterial, so far as any defense to the action was concerned, and had no relation to any such defense. Besides the defendants did defend the action, and the trial was then progressing upon allegations putting in issue the title of the plaintiff, and under a general denial, no such matter as that offered to be proven was admissible. because not set up or suggested by the answer.

2. It seems that an action similar, in most respects, to this, was also pending against the same defendants in favor of Robert E. Hill and others, and was referred to the same referee, and the case shows, at the commencement, that it was agreed that the cases should be tried together, and the evidence taken should apply to both cases so far as the same was applicable. The trial proceeded under this arrangement, and any evidence applicable to either case was taken by the referee, and by the consent of the respective counsel without any discrimination as to which case it was offered in or in which case it was to be considered applicable. At the close of the evidence in the case the defendants made a motion as follows, viz., that the entire evidence of Vane, York and Robinson, and such portions of the evidence of Crane, Carley and Wheaton, the defendants, and the witnesses Squires, Husted, Tarble and Hawley, and the other witnesses, as related to the conversation which occurred at the meeting of the creditors of Lynde Brothers at Mr. Wright's office in Marathon, be stricken out,

on the ground that the same was inapplicable thereto. We do not think that the referee could be required to do this under the circumstances under which this evidence was taken. The import of the arrangement was that the evidence should be taken whether in fact applicable to the one or the other case, and it was so taken without any statement at the time by the counsel for either party as to which case it was to be considered as taken in or applicable to. A wholesale motion of this character, calling for a critical review of such a mass of evidence without any definite specification of such portions as were objected to, was unfair toward the referee, and could only operate as a mere trap. But there are other and perhaps more sufficient reasons for the refusal to strike out: first, a considerable portion of the evidence asked to be stricken out had been taken by the counsel for the defendant; second, all the evidence asked to be stricken out had more or less bearing upon the two questions which were principally litigated on the trial — whether the goods were fraudulently purchased by the Lynde Brothers, and whether the defendants, as assignees of the Lynde Brothers, or under color of the assignment, assumed any control over them. For instance, Mr. Vane had stated in his testimony that in conversation with Carley, one of the defendants, the store of the Lynde Brothers having been locked up by the defendants, and on the application of Mr. Vane for leave to go into the store and inspect the goods as attorney and agent for Hill & Co., that he, Carley, did not like to let anybody go into the store. He said he had agreed with Grain and Wheaton, the other assignees, that the store should not be opened unless all three were present. Robinson's testimony also, portions of it, related to contemporaneous representations by Lynde Brothers, as to their pecuniary situation. Many other portions of the testimony of Vane, York and Robinson bearing upon the case of the plaintiff might be referred to, but it is a sufficient answer to the motion to strike out the entire testimony of Vane, York and Robinson to show that any portion of the testimony of any one of them could

Johnson agt. Carley.

be applicable to the case in any view of it. So of the testimony of the other witnesses relating to the conversations which took place at the creditors' meeting referred to. Portions of such conversations related to the action of the defendants, who were then present, in reference to assuming control over the goods which had been assigned to them, and their resuming possession of the key of the store at the request of the creditors.

3. The defendants made a motion for a nonsuit on numerous grounds, founded upon the alleged insufficiency of the evidence, and our attention is specially directed to the first, second and seventh of the specified grounds of such motion : The first ground was in substance that there was no evidence of the sale to Lynde Bros., of the goods which were the subject of the suit. This fact was not only not litigated but assumed all through the trial, but the case contains an express admission of the fact at folio 73. The second ground was in substance that there was no proof that the vendees made any false representations, by which the sale was procured. The claim of the plaintiff was, not that the goods were purchased of him by means of any fraudulent representations made to him at the time of the sale, but that the purchasers being insolvent and knowing their condition at the time of the purchase, had bought the goods knowing that they would be unable to pay for them, and with a preconceived design not to pay for them. It had appeared that the goods were purchased of the plaintiff on the thirty-first of March.. That the vendees made an assignment of all their property for the benefit of creditors about seven days thereafter, without any pretension that in the meantime any material change in their circumstances had occurred. The evidence further tended to show that before the purchase of the plaintiff, the defendants had made an accurate inventory of their assets, with a view of obtaining a loan, and that they then ascertained that their indebtedness greatly exceeded their assets. That after such examination the loan was refused to them and that they

had ascertained that they could not·go on with their busi-
ness without effecting a compromise with their creditors,
which they subsequently did at twenty-five cents on the
dollar.   That about the time when the said Lynde Bros.
took the inventory referred to, one of the firm, on the
purchase of goods from the plaintiff in the other case, repre-
sented their assets as at least $3,000 above their liabili-
ties.   These were all circumstances tending to show that the
vendees purchased the goods·of the plaintiff with the fraudu-
lent design not to pay for them, as found by the referee at a
subsequent stage of the case.   The existence of the fraudulent
intent in such a case is a matter to be inferred, if at all, from
such and similar circumstances, and in general does not admit
of more direct proof.   The seventh ground on which a non-
suit was urged is too general to call attention to any thing
beyond what was specifically stated.   It was only saying that
on the whole the plaintiff was not entitled to recover.   We
think on the whole case the findings of the referee cannot be
set aside as without evidence to sustain them.   There can be
no reasonable doubt but that the defendants as assignees did
assume to control the property purporting to be assigned, and
did prevent the plaintiff from peaceably taking possession
thereof, and their attempts to evade all responsibility for so
doing, by professing unwillingness to accept the assignment,
while keeping the goods under their lock and key and making
evasive replies to the demands of the agents and attorneys,
for the plaintiff were unavailing to shield themselves from
responsibility as custodians of the property, if not under the
assignment at least under color of it.

As to the fraudulency of the purchase, in so much as, if the
views herein expressed as to the motion for a nonsuit are
correct, there was evidence tending to establish the fraud, we
are unable to say that the referee erred in finding it.   The
question of fraudulent intent is more or less speculative, and
is often materially affected by circumstances difficult to repre-
sent in their full force, by any statement of the evidence to

Johnson agt. Carley.

an appellate court. The question is not whether we should have found upon the evidence as the referee has found, but whether there was evidence before him which legitimately tended to sustain the finding. On the whole we think the judgment must be affirmed.

Judgment affirmed.

MULLIN, P. J., and SMITH, J., concurred.